THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ERNESTO RUIZ-ROMERO,**<br><br> *Plaintiff*,<br><br>v.<br><br>**INDUSTRIAL COMMISSION OF PUERTO RICO, INC.,**<br><br> *Defendant*. | Civ. No. 24-01385 (MAJ) |

**OPINION AND ORDER**

**I. Dismissing Action for Lack of Jurisdiction**

This matter comes before the Court following Plaintiff Ernesto Ruiz-Romero's numerous filings in this district and the pattern of litigation abuse that has emerged. The Court has carefully reviewed Plaintiff's history of filings and concludes that both his most recent case, and his overall litigation conduct, require immediate judicial intervention. Plaintiff's actions burden the court system and undermine the integrity of the legal process, necessitating this Order.

On September 9, 2024, the Court ordered Plaintiff to refile his Complaint (**ECF No. 2**), as it is not legible in accordance with Local Rule 7(e). The Court also ordered Plaintiff to show cause why his action should not be dismissed for lack of federal subject matter jurisdiction. (**ECF No. 7**).

After a review of Plaintiff's response to the Show Cause Order and his Amended Complaint, which involves a workers' compensation claim, the Court finds it fails to present a federal question under 28 U.S.C. § 1331 or establish diversity jurisdiction under 28 U.S.C. § 1332. (**ECF No. 8,9**). As the Supreme Court has noted, "dismissal for lack of

subject-matter jurisdiction . . . is proper only when the claim is so insubstantial . . . as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (cleaned up). While this Court construes pro se pleadings liberally, "this leniency does not excuse compliance with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). Given Plaintiff's failure to meet these requirements, this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction, *sua sponte*.

## II. Plaintiff: Deemed Vexatious Litigant, Prohibited from *In Forma Pauperis*, Admonished and Fined

As noted, the Court's jurisdictional findings are not its only concern. Plaintiff's extensive litigation history demonstrates a pattern of frivolous and repetitive filings, which has led this Court to consider additional measures. Upon review of Plaintiff's extensive litigation history, it is evident that he has filed at least 31 cases in this district. Nine of those cases, including the action at bar, were filed in 2024 and are active matters.[1]

Before the First Circuit, most recently, the Court affirmed dismissal of Plaintiff's action. *Ruiz-Romero v. Stelaris Food 369, Inc.*, 22-1973, 2024 U.S. App. LEXIS 14799, at *1 (1st Cir. Feb. 8, 2024) (citing *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003)). The Court noted, district courts retain "inherent power . . . to dismiss cases for disregard of judicial orders". *Id.*

---

[1] *See Ruiz-Romero v. Secretary of Justice of Puerto Rico*, 3:24-cv-01067-RAM (D.P.R. February 13, 2024); *Ruiz-Romero v. USA*, 3:24-cv-01114-CVR (D.P.R. March 11, 2024); *Ruiz-Romero v. Toro-Vélez et al*, 3:24-cv-01115-ADC (D.P.R. March 11, 2024); *Ruiz-Romero v. Chief Marshal - Office of Summons Ponce et al*, 3:24-cv-01116-ADC (D.P.R. March 11, 2024); *Ruiz-Romero v. Candelario-Caliz et al*, 3:24-cv-01117-ADC (D.P.R. March 11, 2024); *Ruiz-Romero v. Colón-Santiago et al*, 3:24-cv-01118-MAJ (D.P.R. March 13, 2024); *Ruiz-Romero v. Secretary of Justice*, 3:24-cv-01150-SCC (D.P.R. March 27, 2024); *Ruiz-Romero v. LNU-Lugo et al*, 3:24-cv-01304-CVR (D.P.R. July 3, 2024); *Ruiz-Romero v. Industrial Commission of Puerto Rico, Inc.*, 3:24-cv-01385-MAJ (D.P.R. August 27, 2024).

Like the Order here dismissing Plaintiff's action because it plainly lacks federal subject matter jurisdiction, his other matters before this Court and state courts are often repetitive,[2] frivolous, and burden both the judicial system and opposing parties who must expend time and resources to respond.[3] Plaintiff's repeated filings have disrupted the judicial process, a behavior this Court will no longer tolerate.

Moreover, Plaintiff has previously been warned that his abuse of seeking *in forma pauperis* would no longer be tolerated. *Ruiz-Romero v. Stelaris Food 369, Inc.*, 20-cv-1510, 2021 U.S. Dist. LEXIS 142955, at *3 (D.P.R. July 29, 2021). Leaving little room for interpretation, the Court cautioned:

> [Plaintiff is] hereby forewarned that this Court will not tolerate the misuse and abuse of a statute and filing fee exemption designed to "ensure that indigent litigants have meaningful access to federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). [T]his case would be plaintiff's sixth civil action against defendant. At least one of those other five cases was recently dismissed by a sister Court within this District for failure to pay the applicable filing fee. *Ernesto Ruiz-Romero v. Stelaris Foods 369, Inc.*, 18-2018(PAD). Accordingly, plaintiff is hereby admonished that continuous improper use of *in forma pauperis* mechanisms and filing of frivolous actions may entail sanctions, including imposition of fees and costs and other monetary sanctions, *see, inter alia*, Fed. R. Civ. P. 11; 28 U.S.C. § 1927.

*Id*. Plaintiff nevertheless thought it more fruitful to ignore the Court's clear warning that his continued abuse of the judicial process would no longer be treated lightly. *See id*.

---

[2] See *Ruiz-Romero v. Stelaris Food 369, Inc.*, 20-cv-1510, 2021 U.S. Dist. LEXIS 142955, at *1-2 (D.P.R. July 29, 2021) (noting in the Commonwealth Court of Puerto Rico, many of Plaintiff's suits name the same defendant, "Stelaris Food 369, Inc. *See Ernesto Ruiz-Romero v. Stelaris Foods 369, Inc.*, JPE2017-069; *Ernesto Ruiz-Romero v. Stelaris Foods 369, Inc.*, JPE2017-070; *Ernesto Ruiz-Romero v. Stelaris Foods 369, Inc.*, JPE2017-071; *Ernesto Ruiz-Romero v. Stelaris Foods 369, Inc.*, JPE2017-064.").

[3] As of October 25, 2023, "both District Court and state court dockets reveals that [Plaintiff] has filed more than 23 cases in this Court and well over 50 civil actions in state court from 2012 to 2019." *Romero v. Sec'y of Just. of P.R.*, 21-cv-1041, 2023 U.S. Dist. LEXIS 193453, at *1 n.1 (D.P.R. Oct. 25, 2023). In 2019, Plaintiff "filed over 10 civil actions in the Puerto Rico Court of First Instance ("state court") and well over 50 civil actions from 2012 to 2019." *Ruiz-Romero v. Sec'y of Justice of P.R.*, 21-cv-1041, 2021 U.S. Dist. LEXIS 157933, at *1 n.1 (D.P.R. Aug. 17, 2021).

Accordingly, Plaintiff is hereby **PROHIBITED** from filing any new lawsuits in this District *in forma pauperis*. Any future complaints must be accompanied by the appropriate filing fees.

"A district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation." *Cruzado-Laureano v. U.S. Attorney's Off. for Dist. of Puerto Rico*, 22-cv-1181, 2023 WL 4135001, at *12 (D.P.R. June 22, 2023), *aff'd sub nom.*, *Cruzado-Laureano v. U.S. Att'ys Off. for Dist. of Puerto Rico*, 23-1640, 2024 WL 3739458 (1st Cir. June 20, 2024) (cleaned up); *see also* 28 U.S.C. § 1651 (courts may issue all writs necessary or appropriate in aid of their respective jurisdictions); *In re McDonald*, 489 U.S. 180, 184 (1989) ("[P]art of the Court's responsibility is to see that [the] Court's limited resources are allocated in a way that promotes the interest of justice. The continual processing of petitioner's frivolous filings does not promote that end.").

Given the pattern Plaintiff's abuse on the legal process and pursuant to the Court's inherent authority to prevent misuse of the legal system, Plaintiff is hereby **designated a vexatious litigant**. The First Circuit Court of Appeals has affirmed that the court can prevent any party, including a pro se one, from presenting "frivolous and vexatious motions." *United States v. Gómez-Rosario*, 418 F.3d 90, 101 (1st Cir. 2005). A frivolous complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Vexatious conduct is defined as actions that are frivolous, unreasonable, or without foundation, regardless "of subjective bad faith." *See Cruzado-Laureano v. U.S. Attorney's Off. for Dist. of Puerto Rico*, 2023 WL 4135001, at *12 (internal citation omitted); *see also Siri v. Town of Hingham*, 21-cv-40138, 2023 WL 2429359, at *3 (D. Mass. Mar. 9, 2023) (finding plaintiff's conduct, having filed three lawsuits and five pleadings arising from the same or similar events against identical or substantially similar

parties, had escalated beyond litigiousness to vexatious. The court thereby enjoined plaintiff from filing further pro se complaints in relation to their more than decade-old criminal matter without the Court's leave.).

Lastly, Plaintiff is hereby **ADMONISHED** for his continued willful disregard of the Court's Orders and limited resources and time. *See Ruiz-Romero v. Stelaris Food 369, Inc.*, 2021 U.S. Dist. LEXIS 142955, at *3 ("plaintiff, [Ernesto Ruiz-Romero] is hereby admonished that continuous improper use of *in forma pauperis* mechanisms and filing of frivolous actions may entail sanctions, including imposition of fees and costs and other monetary sanctions.")

The Court views with great concern the filing of frivolous actions that squander judicial resources. Plaintiff's consequence-free antics stop here. Pursuant to this inherent Court's authority under Federal Rule of Civil Procedure 11, and 28 U.S.C. § 1927, Plaintiff is hereby **SANCTIONED** for filing the instant frivolous Complaint along with his improper request for *in forma pauperis* status. Plaintiff is to **pay a sum of $250.00** paid to the Court no later by **October 18, 2024**. All other pending motions are hereby deemed **MOOT**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of September, 2024.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**